UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROXANN WYATT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 3:15-346-JD-MGG |
| | ) |
| SALVATION ARMY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Pending and ripe before the Court is Plaintiff Roxann Wyatt's ("Wyatt") motion to reopen discovery filed on March 6, 2017. Defendant Salvation Army ("Salvation") timely filed its response on March 16, 2017. This motion became ripe on March 24, 2017, without any reply brief being filed.

**I.   RELEVANT BACKGROUND**

This discovery motion stems from a dispute that began in June 2016, regarding the discovery deadline. Discussion regarding an agreement to extend the discovery deadline began on April 1, 2016, when Wyatt contacted Salvation and requested an extension due to her counsel's case load, potential service as an administrative law judge, and a lengthy illness. Wyatt and Salvation came to an informal agreement to extend the discovery deadline and on May 2, 2016, filed a motion to extend the deadline from June 7, 2016, to July 29, 2016.

The Court denied that joint motion on May 12, 2016, without prejudice because Wyatt and Salvation failed to show good cause to extend the deadline, as required by Fed. R. Civ. P. 6(b)(1) and 16(b)(4). However, Wyatt continued the discovery process with the belief that the agreement to extend the deadline to July 29, 2016, remained in effect despite the Court's order denying the

extension.  Wyatt propounded written discovery upon Salvation on May 16, 2016, believing that it complied with the Court's order requiring any discovery be initiated at least forty-five days before the discovery deadline.  However, on June 6, 2016, Salvation corresponded with Wyatt and stated that the May 16, 2016, discovery request was untimely as the discovery extension had been denied by the Court and the request had been initiated within forty-five days of the discovery deadline.  Accordingly, Salvation filed a motion for protective order on June 7, 2016, which was granted by the Court on June 20, 2016.

On June 7, 2016, Wyatt also filed a motion to extend the discovery deadline.  To show good cause, Wyatt listed her counsel's various outside obligations and his extensive case load to demonstrate his lack of availability.  The Court denied this motion to extend the discovery deadline.  [DE 38].  In its Order, the Court found the overloaded schedule of Wyatt's counsel insufficient to show good cause to extend the discovery deadline.  Wyatt appealed to the District Judge, the Honorable Judge DeGuilio, for review of the Magistrate Judge's Order on June 29, 2016.  On February 24, 2017, the District Judge upheld the Order denying the extension, finding no clear error in the Magistrate Judge's decision.

However, the District Judge allowed Wyatt to file a motion to reopen discovery by March 15, 2017.  Wyatt timely filed this motion and now seeks to reopen discovery after the discovery deadline ended on June 7, 2016.

## II.    ANALYSIS

The sole issue before this Court is whether discovery should be reopened over one year after the close of discovery.  For the following reasons, the Court declines to reopen discovery.

Modification of the discovery schedule should only occur for "good cause."  Fed. R. Civ. P. 16(b)(4).  Similarly, Fed. R. Civ. P. 6(b)(1)(A) states that a court may only allow extensions for

2

good cause.  Good cause is demonstrated when a party shows that despite her diligence "the time table could not reasonably have been met."  *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  This Court has broad discretion in deciding whether to reopen discovery.  *Lapsley v. Fries*, 1:11-cv-99, 2012 WL 2721909, at *2 (N.D. Ind. July 9, 2012).  Additionally, the District Judge's Order that permits Wyatt to file a motion to reopen discovery stipulates that Wyatt's motion must include: "(1) an adequate showing of good cause, (2) a concise and complete description of the remaining discovery the Plaintiff seeks, (3) the period of time she believes necessary to obtain it and (4) a description of any prejudice reopening discovery would cause to the defense." [DE 46 at 5].

Review of Wyatt's motion to reopen discovery and Salvation's response brief shows that the second and third requirements established by the District Judge are met and are not in contention.  However, the parties dispute whether has met her burden to show good cause to reopen discovery and to describe the weight of any prejudice that Salvation would suffer if discovery were reopened.  Accordingly, this analysis will only address good cause and any prejudice towards Salvation.

Once again, Wyatt argues that her counsel's busy schedule constitutes good cause to reopen discovery.  Additionally, Wyatt asserts that her reliance on the belief that the informal extension of the discovery deadline was still in place, despite the Court's denial of the joint motion, also demonstrates good cause.  Wyatt further argues that Salvation's lack of objection between May 16, 2016, and June 6, 2016, regarding the propounded written discovery furthered her reliance on the denied agreement to extend the discovery deadline.  Furthermore, Wyatt argues that because Salvation has possessed the requested written discovery for over one year and the reopening would only last seven weeks, Salvation would not be prejudiced by reopening discovery.

Salvation argues that Wyatt fails to show good cause by pointing out that Wyatt is restating the arguments she raised in the June 7, 2017, motion to extend discovery, which was denied for lack of good cause and affirmed by the District Judge. Salvation furthers this argument by asserting that Wyatt's counsel's busy schedule is still not enough to show good cause. Salvation further argues that Wyatt unreasonably relied on the informal agreement to extend the discovery deadline is not good cause because the Magistrate Judge had denied this agreement. Salvation also asserts that it would be prejudiced by reopening discovery, as it would extend a two-year old case by at least another two months. It further alleges that this would cause Salvation to incur more discovery-related costs long after discovery had originally closed. Salvation further states that reopening discovery would delay the filing of its motion for summary judgment.

The Court is not persuaded by Wyatt's arguments. Wyatt makes the same arguments to reopen discovery as she did to extend the discovery deadline in June 2016. Namely, that Wyatt's counsel has an overloaded schedule and that Wyatt relied on the agreement to extend the deadline despite the Court's Order denying the extension. However, an attorney's busy schedule is not enough to establish good cause. *Barnell v. LaGrange Cty. Sheriff's Dept.*, No. 1:12-cv-99, 2013 WL 140528, at *1 (N.D. Ind. Jan. 11, 2013). Furthermore, this Court has already held that this argument is not sufficient to establish good cause, and this holding was upheld by the District Judge. [DE 38 at 5-6]. Therefore, the busy schedule of Wyatt' counsel is not enough to show good cause.

Additionally, the Court is not persuaded that reliance on an informal agreement to extend the discovery deadline despite the Court's denial of that extension is sufficient to show good cause. Wyatt was put on notice that the informal agreement was no longer valid after the Court issued its Order on May 12, 2016. [DE 38]. Wyatt cannot claim to rely on an informal agreement that the

Court expressly invalidated, despite Salvation doing nothing to dispel that belief. To show good cause, Wyatt must demonstrate that the time table set could not reasonably have been met despite her diligence. *Tschantz,* 160 F.R.D. 571. If Wyatt were diligent, she would not have relied on an informal agreement that was rejected by the Court. Therefore, Wyatt's reliance on that agreement is not enough to establish good cause.

As to the prejudice that would result if discovery is reopened, the Court does not agree with Wyatt's assertion that Salvation will not be prejudiced by reopening discovery. Discovery closed over one year ago, and reopening discovery now would cause Salvation to incur costs for at least two additional months. Furthermore, reopening discovery will delay the filing of summary judgment motions. Salvation states that it currently has a motion ready to be filed when the window for doing so is open. A two-month delay of the filing of summary judgment motions that may bring resolution to this case for another two would also prejudice Salvation. Therefore, Wyatt fails to meet the requirement that any prejudice towards Salvation be listed in her motion to reopen discovery.

## II.     CONCLUSION

While Wyatt timely filed her motion to reopen discovery and satisfied two of the four requirements prescribed by the District Judge, she has failed to show good cause for reopening discovery and to demonstrate that Salvation will not suffer undue prejudice. Therefore, the Court **DENIES** Plaintiff Wyatt's motion to reopen discovery. [DE 47].

**SO ORDERED.**

Dated this 6th day of July 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
